UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
STANLEY OTIS DRUMMOND,

               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                    23-CV-05741 (LDH)

      -against-

CVS PHARMACY,

               Defendant.
------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge.

    Stanley Otis Drummond ("Plaintiff"), proceeding *pro se*, brings this action against CVS Pharmacy ("Defendant"), alleging violations of his constitutional rights. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the limited purpose of this memorandum and order. For the reasons discussed below, however, the complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted.

## I.    BACKGROUND

    This action arises from Plaintiff's visit to a CVS Pharmacy in Brooklyn on July 8, 2023. (Compl. at 5, ECF No. 1.) According to the complaint, when Plaintiff entered the store, a manager told a security guard to follow him to ensure that Plaintiff did not steal anything. (*Id.*) Plaintiff was escorted to the pharmacy area and then escorted to the exit. (*Id.*) Plaintiff alleges that his civil rights were violated and he was "mortified and humiliated." (*Id* at 2, 5.) Plaintiff does not state the relief he seeks.

## II.    STANDARD OF REVIEW

    A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

1

liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

In reviewing *pro se* complaints, the Court must hold the plaintiff's pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Nonetheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### III.   DISCUSSION

To state a claim under § 1983, a plaintiff must allege two essential elements:  "(1) that the defendants deprived him of a right 'secured by the Constitution or laws of the United States'; and (2) that they did so 'under color of state law.'" *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).  That is, to maintain a Section 1983 claim for violation of a constitutional right, a plaintiff is "required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003); *see also United States v. International Brotherhood of Teamsters*, 941 F.2d 1292, 1295 (2d Cir.1991) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes 'state action.'").

Here, Plaintiff alleges a violation of his "civil rights," which the Court construes as bringing a 1983 claim for violation of his constitutional rights. (Compl. at 2.)  According to the complaint, Plaintiff suffered humiliation based on Defendant's security guard escorting Plaintiff

around the store.  (*Id.* at 5.)  Yet, Defendant and its employees are private parties that cannot be sued under Section 1983.  *See, e.g.*, *Madison v. CVS,* No. 22-CV-4221, 2022 WL 17793254, at *3 (S.D.N.Y. Dec. 19, 2022) (dismissing Section 1983 claims against CVS and CVS employees because both are private parties); *Ong v. TOWPD*, No. 18-CV-4775, 2018 WL 11465756, at *3 (S.D.N.Y. June 29, 2018) (same).  That is, regardless how humiliating the experience might have been for Plaintiff, he has failed to allege "state action" required to state a claim under Section 1983.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (observing "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful").  Plaintiff's claims against Defendant are therefore dismissed for failure to state a claim upon which relief may be granted.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's complaint is DISMISSED.  Further, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith; thus *in forma pauperis* status is denied for the purpose of an appeal.  The Clerk of Court is respectfully directed to enter judgment dismissing the action and mail a copy of this Memorandum and Order and judgment to the *pro se* Plaintiff.

SO ORDERED.

Dated: Brooklyn, New York
      January 17, 2024

s/ LDH
LaSHANN DeARCY HALL
United States District Judge